IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARA OHANIAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:18-cv-05910-AT |
| TEKNO PRODUCTS, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Ara Ohanian ("Plaintiff") filed the instant action against Teckno Products, Inc. alleging trademark and copyright infringement.  The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis* and directed the Clerk to submit the matter to the undersigned District Judge for review pursuant to 28 U.S.C. § 1915.

## I.  FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that the following facts in support of his claims:

I have "priority" of my trademark: "Garden Genie" which has been infringed upon by Tekno Products, Inc., which is a notorious repeat offender for the same & similar intellectual property infringement. This has caused me to lose all my revenue since 2016.  My livelihood is at stake.

Currently I've been fighting to defend my intellectual property in TTAB, but Tekno Products, Inc. has delayed as much as possible in an attempt to depleat [sic] my resources.  I'm left with no other choice after they threatened to sue me falsely.

(Compl. at 1.)  On his Civil Cover Sheet, Plaintiff identifies the Cause of Action as "copyright infringement," and the Nature of Suit as "copyrights" and "trademark." (Doc. 1-2 at 1-2.)  Plaintiff further indicates on his Civil Cover Sheet he is making a demand of $10,000,000.00.  (*Id.* at 2.)

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted.  The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.  *Id.* at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325.  In other words, a complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or  "seeks to enforce a right that clearly does not exist."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); *see also Neitzke v. Williams*, 490 U.S. at 327.  In the context of a frivolity determination,

the Court's authority to "'pierce the veil of the complaint's factual allegations'
means that a court is not bound, as it usually is when making a determination
based solely on the pleadings, to accept without question the truth of the plaintiff's
allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v.
Williams*, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual
matter (taken as true)" to "give the defendant fair notice of what the . . . claim is
and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a
right to relief above the speculative level," and complaint "must contain something
more . . . than . . . statement of facts that merely creates a suspicion [of] a legally
cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-685
(2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002)
(stating that "conclusory allegations, unwarranted deductions of facts[,] or legal
conclusions masquerading as facts will not prevent dismissal"). While the Federal
Rules do not require specific facts to be pled for every element of a claim or that
claims be pled with precision, "it is still necessary that a complaint 'contain either
direct or inferential allegations respecting all the material elements necessary to
sustain a recovery under some viable legal theory.'" *Fin. Sec. Assurance, Inc. v.
Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to
present "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, his Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## III.  DISCUSSION

The elements of a claim for federal trademark infringement under Section 43(a) of the Lanham Act are (1) the plaintiff had rights in the contested mark and (2) the defendant's mark is substantially similar to the mark of the plaintiff such that consumers are likely to be confused. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). Accordingly, these are the elements that must be pled to sustain a claim for trademark infringement under Section 43(a). *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11 Cir.2001) (complaint must "contain ... allegations respecting all the

material elements necessary to sustain a recovery.")  Although Plaintiff alleges he has "priority" in his trademark "Garden Genie" and that Defendant Tekno Products, Inc. has infringed upon his trademark, these allegations are general and entirely conclusory.  The Complaint does not allege any details of the nature of the alleged infringement.  Accordingly, because Plaintiff has failed to allege that Defendant's mark is substantially similar to Plaintiff's mark or that consumers are likely to be confused, he has failed to sufficiently plead a claim for trademark infringement under Section 43(a) of the Lanham Act.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Iqbal*, 556 U.S. at 678 (holding that a plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient to state a claim) (quoting *Twombly*, 550 U.S. at 555).

To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  Although Plaintiff has broadly asserted "copyright infringement" in his Civil Cover Sheet, the Complaint references only his interests in a trademark. Plaintiff does not allege ownership of a copyright or copying of his work by

Defendant Tekno Products, Inc. Accordingly, his scant allegations are insufficient to state a claim for copyright infringement.  *See Oxford Asset Mgmt.*, 297 F.3d at 1187-88 ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal.").

## IV.   CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915.[1]

**IT IS SO ORDERED** this 10th day of January, 2019.

**Amy Totenberg**
**United States District Judge**

---

[1] A dismissal without prejudice does not preclude the Plaintiff from filing another complaint that does sufficiently set forth the elements of a cause of action.